UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

DOROTHY M. MCNUTT, *et al.*,          )
      *Plaintiffs*,          )
                )
*vs.*          )          3:13-cv-151-JMS-WGH
                )
THE HOME CITY ICE COMPANY, *et al.*,          )
      *Defendants*.          )

## <u>ORDER</u>

Defendant Schnuck Markets, Inc. ("<u>Schnuck</u>") filed an Amended Notice of Removal on July 19, 2013. [Dkt. 10.] On August 16, 2013, Plaintiffs Dorothy and John McNutt filed their Response to Amended Notice of Removal pursuant to Local Rule 81-1. [Dkt. 15.] In their Response, the McNutts stated that: (1) they are citizens of Indiana, [*id.* at 1, ¶ 1]; (2) "[t]o the best of the information and belief of the plaintiffs,…[Schnuck] is a Missouri corporation with its principal place of business in St. Louis, Missouri," [*id.* at 1, ¶ 2]; (3) "[t]o the best of the information and belief of the plaintiffs,…Home City Ice Company ("<u>Home</u>") is an Ohio corporation with a principal place of business in Cincinnati, Ohio," [*id.* at 1, ¶ 3]; and (4) the amount in controversy exceeds $75,000, exclusive of interest and costs, [*id.* at 1, ¶ 4].

As stated in the Court's July 15, 2013 Order to File Amended Notice of Removal, jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value" and a statement made "'to the best of my knowledge and belief' is insufficient" to engage diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a party's citizenship

for diversity purposes that is "made only upon information and belief" is unsupported).  Accordingly, the McNutts' statements regarding the citizenships of Schnuck and Home are inadequate, because they are made "[t]o the best of the information and belief of the plaintiffs."  Additionally, the Court notes that the McNutts stated in their Response that Home has "a" principal place of business in Ohio.  [Dkt. 15 at 1, ¶ 3.]  But a corporation only has one principal place of business.  *Hertz Corp. v. Friend*, 559 U.S. 77, 79 (2010) (28 U.S.C. § 1332's reference to "principal place of business" is "singular, not plural").

The Court **ORDERS** all of the parties to meet and confer, and conduct whatever investigation necessary, to determine whether this Court has diversity jurisdiction.  If the parties agree that diversity jurisdiction is proper, they shall file a joint jurisdictional statement by **September 4, 2013** setting forth the basis for each of their citizenships and whether they agree that the amount in controversy exceeds $75,000, exclusive of interest and costs.  If the parties cannot agree on their respective citizenships or the amount in controversy, any party who disagrees shall file a separate jurisdictional statement by **September 4, 2013** setting forth its view regarding the citizenship of each of the parties and the amount in controversy.

08/19/2013

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Steven K. Hahn
ZIEMER STAYMAN WEITZEL & SHOULDERS
shahn@zsws.com

Ross E. Rudolph
RUDOLPH FINE PORTER & JOHNSON
rer@rfpj.com

Patrick A. Shoulders
ZIEMER STAYMAN WEITZEL & SHOULDERS
pshoulders@zsws.com

Stephen Hensleigh Thomas
GERLING LAW OFFICES
steve@gerlinglaw.com